DowNev, Judge,
dissenting:
I dissent from so much of the conclusion of the court as includes in the judgment the item of $5,095.38 as architect’s commission on the sum of $101,901.66 paid to the building contractor under authority of the act of May 27,1908, quoted in Finding "VTI. I am of the opinion that the last-named amount is not properly to be included in the “ actual construction cost of the work * * * as shown upon the books of the Supervising Architect’s Office,” and the determination of the questions necessarily involves a construction of the contract in that regard.
The view of the court as to this item is evidently found in the statement that “the $101,907.66 upon which the plaintiffs claim that they are entitled to commission is a part of the construction cost of the work executed from the architect’s drawings and specifications, and the sum aforesaid was shown upon the books of the Supervising Architect’s Office.”
It is first provided in the contract that the architects shall be paid “ a fee computed at the rate of 5 per cent upon the actual cost of the work executed from the drawings and specifications and under their supervision, as shown upon the books of the Supervising Architect’s Office by the net amounts of contracts awrarded and proposals accepted for additions and deductions, but not including, etc.,” and after providing for partial payments on a stated basis it is finally provided that “upon completion of the building the entire fee shall be finally based upon and computed on the actual construction cost of the work * * * as shown upon the books of the Supervising Architect’s Office, exclusive, etc.”
In the first provision quoted are significant words with reference to the cost of the work as shown upon the Supervising Architect’s books and illuminating as a reason for the use of the books as a basis for determining the amount upon which the fee is to be computed. I refer to the words “additions or deductions” in the connection used.
*232 If it could be known that the work could and would be completed at the contract price the amount of the fee could be accurately stated in the contract, but we know that in all building contracts there are provisions for additions and alterations. There were many of them in this case. Alterations sometimes involve additional compensation to the contractor and they sometimes involve deduction. Both are provided for in public building contracts. Hence the necessity for an account of “ additions or deductions.” The account first sets up, as shown by the findings in this case, the contract price. When the additions by reason of changes are added and the deductions subtracted the result is the net contract cost. The account also involves payments made, but that is a matter with which the building contractor is concerned and not the architects.
When the result stated is reached by a balancing of the books we have the “ actual cost of the work ” as it is stated in one place, or the “ actual construction cost of the work ” as stated in another place, under the contract, and in my judgment the language used in the architect’s contract with reference to actual cost must of necessity be construed to mean actual cost to the United States under the contract. I can not conceive of any other authorized construction. Cost to the contractor and cost to the United States under the contract were, of course, expected to be different. The difference expected in favor of the contractor represented his anticipated profits. If Congress had not seen fit to relieve this unfortunate building contractor no other construction of the architect’s contract than that stated would even have been suggested. It was made in contemplation of the erection of a building in the usual manner, taking into account the changes likely to be made during construction, and without anticipation of any special favors at the hands of Congress. The architects were, in fact, paid a percentage, as shown in the findings, on a sum considerably in excess of the amount shown to have accrued to Butler under his contract, but this was due to the fact that some lesser portions of the work were let to other contractors and the right of the architects to commission on the amount of such contracts was recognized.
*233 It is to be inferred from what is said on the subject that this item would not have been included in the judgment authorized by the majority of the court had not the extra payment made to the contractor under the special act quoted been entered on the books of the Supervising Architect’s Office. But it appears that it was not entered as a contract item or as an addition or deduction. The account was closed in the usual way, the final footings showing the cost under the contract and the account of the authorization under the special act with the payments made thereunder followed. It was, of course, necessary and proper that there should be some record of the action taken for the relief of the contractor as directed by Congress. Even if this item had appeared in the regular account it could not, in my opinion, have entailed a liability against the United States unless within a proper construction of the contract, but in fact it did not so appear.
This suit was not commenced until almost four years after the final settlement with these architects. In the meantime there had been continued and rather persistent efforts to get an allowance at the hands of Congress including all the items herein sued for. The Judicial Code, section 159, requires petitions in this court to fully set forth, as to all claims, “the action thereon in Congress * * * if such action has been had.” In Finding VIII the action had in Congress in this matter is fully set out. The effect to be given to such a situation has never, so far as I know, been the subject of accurate determination by the courts, and I am not inclined to contend that the facts shown in this case can be construed to work anything in the nature of an estoppel, but they are certainly significant and for consideration upon the merits of the case. It is safe to say from the facts found that in the beginning these plaintiffs did not conceive that they were entitled as a contract right to any compensation because of this extra payment made the building contractor, but were then in the attitude of seeking the bounty of Congress. They very significantly urged in their brief submitted to the committee having under consideration the bill introduced for their relief the “equity and justice ” of their claim and that “ inasmuch as Congress has *234 relieved the said Thomas Butler for damages resulting from the same cause it can not with fairness reject their claim,” and while there was no final action by Congress with reference to their claim it is for consideration that the committee directed by Congress to investigate the matter and having before it all the facts set up not only in their brief but presented personally by one of the plaintiffs, and being fully advised also as to the relief granted the building contractor, reported favorably upon only one of the items claimed and that item is included in the judgment rendered in this case. It is safe to say under all the facts shown that for nearly four years there was no conception by anybody concerned with the matter that there was contractual liability to these plaintiffs on account of this item and that that asserted view of the matter is an afterthought. And in tihis connection it is not improper to observe also that when this action was commenced there was then pending a resolution to refer the last introduced bill to this court under the Tucker Act for findings and conclusions. The bill which it was then proposed to refer had been introduced in Congress more than three years after the final settlement made with these plaintiffs.
For the reasons stated I dissent from the inclusion in the judgment of the claimed percentage on the sum paid the building contractor under the special act quoted.
I am authorized to state that Chief Justice Campbell concurs in this dissent.